IN THE UNITED STATES DISTRICT COURT
F0R THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00369-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GEORGIOS SGOUROS,

    Defendant.

_____

## PARTIES' JOINT MOTION FOR NON-GUIDELINES SENTENCE
_____

Defendant Georgios Sgouros and the United States, through their respective counsel, move this Court, pursuant to 18 U.S.C. § 3553(a), to impose a non-Guidelines sentence of 120 months' imprisonment.

Guidelines Calculations and Plea Agreement:  The PSIR correctly calculates Mr. Sgouros's advisory Sentencing Guidelines range as 135 to 168 months.  Under the Plea Agreement in this matter, though, the Government has agreed to recommend a downward variance to 120 months in exchange for Mr. Sgouros' waiver of his appeal rights.

Nature of the Appeal Wavier:  Mr. Sgouros's proposed waiver is not absolute.  He does not waive his right to a direct appeal of the sentence in this case if: "(1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guidelines range, either departs or varies upwardly, [or] (3) [most

importantly,] the Court imposes a sentence greater than 120 months imprisonment." [#42, p.2]. Mr. Sgouros also maintains his rights to collateral attack on the sentence "if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct." [#42, p. 3].

<u>Justification for the Variance</u>: 18 U.S.C. § 3553(a)(3) states, in relevant part, that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . .the kinds of sentences available." The Guidelines themselves, of course, are no longer mandatory. *United States v. Booker*, 543 U.S. 220 (2005). As such, this Court has the authority to vary downward from the otherwise applicable range of 135-168 months to the requested 120 months. 120 months would represent a modest downward variance of one level and one month, from Level 33, Cat. 1 to Level 32, Cat I., minus one month.

The Parties respectfully submit that Mr. Sgouros' appeal waiver in this matter is a sufficient basis for the requested variance. Despite the widespread acceptance of appeal waivers in other federal districts around the country, it is true that in this District said waivers have met with resistance in certain quarters. However, this particular case exemplifies why appeal waivers should be permitted.

Opponents of appeal waivers argue that a defendant should not be compelled to give up the fundamental right of appeal in order to achieve the benefit of a plea bargain. However, that logic does not hold where, as here, the

Government proposes to give Mr. Sgouros a benefit additional to what he otherwise would have received had he not agreed to waive his appellate rights. Those who urge that the right to appeal is somehow sacrosanct and should never be waived ignore the fact that the Guidelines themselves give a defendant credit, sentencing-wise, for giving up another, no less fundamental constitutional right, namely the right to trial.

To wit, Guidelines § 3E1.1(b) provides in relevant detail, that a defendant should receive a lesser sentence if, *inter alia*, the defendant "has . . . timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and [thereby] **permitting the government and the court to allocate their resources efficiently** . . ." (emphasis added). In other words, the defendant timely gives up his constitutional right to trial, the government and the court system are saved time and trouble, and the defendant gets a lower sentence. That is precisely what the parties propose here: Mr. Sgouros gives up his constitutional right to appeal, the Government and the court system are spared having to allocate resources to address the appeal, and Mr. Sgouros receives a lesser sentence.

Moreover, it should be pointed out that, a defendant's right to appeal, like his right to trial, is only of real value to the defendant **if he is likely to prevail**. The circumstances in this matter are such that Mr. Sgouros, unless this Court does something extraordinary at his sentencing, is unlikely to win on any issue that he may have for appeal. Even any short term emotional benefit that might inure to Mr. Sgouros simply from seeing his name captioned on an appellate brief

will be quickly vitiated when, in all probability, the 10th Circuit denies his appeal and the length of his prison sentence remains intact.

Mr. Sgouros, in consultation with his undersigned counsel, has made the informed calculation that he would be better off waiving his appeal rights and getting less prison time from this Court instead of not waiving his appeal rights, subsequently making an appeal, and hoping that the Court of Appeals will reduce his sentence for some, as-yet unfathomable reason. Indeed, for Mr. Sgouros (like most defendants), oblivious to some supposedly larger "cause" about the putative inviolability of one particular constitutional right, the only matter of concern to him personally is the length of his prison sentence. Mr. Sgouros accordingly has negotiated a deal with the Government that, subject to this Court's approval, will give both parties something that each desires: slightly less time for Mr. Sgouros and the preservation of resources by the Government that otherwise would have to be expended responding to Mr. Sgouros' likely less-than weighty appeal.

This *quid pro quo* seems the very essence of a plea agreement contemplated by Fed. R. Cr. P. 11, one that this Court can, and should, approve under 18 U.S.C. § 3553(a)(3) by granting the requested variance. The Parties so move.

WHEREFORE, the Government and Mr. Sgouros respectfully urge that this Motion be granted.

5

Dated this 29th day of February, 2012.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| JOHN F. WALSH<br>United States Attorney | s/Thomas E. Goodreid<br>Thomas E. Goodreid<br>1801 Broadway<br>Suite 1100 |
| BY:  s/Judith A. Smith<br>JUDITH A. SMITH<br>Assistant United States Attorney<br>United States Attorney's Office<br>1225 Seventeenth Street, Suite 700<br>Denver, CO  80202<br>(303) 454-0100<br>Judith.Smith3@usdoj.gov<br>Attorney for the Government | Denver, CO  80202<br>(303) 296-2048<br>t.goodreid@comcast.net<br>Attorney for Defendant<br>Georgios Sgouros |

## **CERTIFICATE OF SERVICE**

      I certify that on this 29th day of February, 2012, I electronically filed the foregoing **PARTIES' JOINT MOTION FOR NON-GUIDELINES SENTENCE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Judith Smith
judith.smith3@usdoj.gov

Thomas Goodreid
t.goodreid@comcast.net

                                  By: s/ Veronica Ortiz
                                  VERONICA ORTIZ
                                  Legal Assistant
                                  1225 Seventeenth Street, Suite 700
                                  Denver, Colorado 80202
                                  Telephone: (303) 454-0100
                                  Facsimile: (303) 454-0406
                                  E-mail: Veronica.Ortiz@usdoj.gov